■ CLARENCE KUHLMAN, Appellant, v. VILLAGE OF FARNHAM et al., Respondents.— Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from a Special Term order dismissing his complaint upon the ground that the court lacked jurisdiction of the subject matter of his cause of action. Plaintiff alleges in his complaint that he sustained injuries when an ambulance in which he was a passenger was negligently operated by defendant Russell who was acting within the course of his empoyment in the business of defendant Farnham Volunteer Fire Company. In support of their motion defendants have shown that plaintiff and defendant Russell were members of defendant Farnham Volunteer Fire Company and at the time of the accident they were acting in the line of duty performing emergency service transporting an injured person to a hospital. It is further shown that plaintiff has received Workmen's Compensation benefits for his injuries. Plaintiff alleges that the ambulance was being operated outside the territorial jurisdiction of the village and that provisions of the Volunteer Firemen's Benefit Law and General Municipal Law had not been complied with. He does not, however, dispute defendants' allegations and does not deny that he and defendant Russell were rendering emergency service. A village fire department may answer calls for assistance outside the area regularly served by it (General Municipal Law, § 209) and may render services in case of accidents as well as in case of alarms of fire (General Municipal Law, § 209-b). In La Malfa v. Denny (34 A D 2d 709) the Third Department in affirming a Special Term order dismissing the plaintiff's complaint in an action against a fellow volunteer fireman to recover damages for injuries sustained when struck by the defendant's automobile, said: "they were members of the same voluntary firemen company, and were acting in the performance of their duties at the time of the accident. In view of these facts, and the appellant's failure to produce evidence to the contrary, appellant's exclusive remedy is governed by section 19 of the Volunteer Firemen's Benefit Law * * * Since appellant has not factually demonstrated a genuine issue, summary judgment is therefore appropriate." In the case at bar, since plaintiff and defendant Russell were acting in the performance of their duties, plaintiff's sole remedy is that provided by the Volunteer Firemen's Benefit Law and the Workmen's Compensation Law under which he has already been awarded compensation. The court lacked jurisdiction of the subject matter of this action (La Malfa v. Denny, supra) and plaintiff was also estopped from maintaining it by the award of workmen's compensation (Schwartz v. Public Administrator, 24 N Y 2d 65). (Appeal from order of Erie Special Term, granting motion to dismiss complaint in negligence action.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.